UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/02/17
```

KEVIN FLORES,

               Plaintiff,

       v.

STUDIO CASTELLANO ARCHITECT, P.C., ET AL.,

               Defendants.

No. 15-cv-9158 (TPG)

**OPINION**

On November 20, 2015, plaintiff Kevin Flores filed a complaint in the Southern District of New York against defendants Studio Castellano Architect, P.C., and Ronald Castellano ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, related to plaintiff's hours of work and payment of wages, including overtime wages. *See* ECF No. 1; ECF No. 30, Ex. 1, at 1. On March 7, 2017, the parties informed the court that they had reached a settlement and submitted the proposed terms and supporting documentation. ECF No. 30, Ex. 1-2. Having reviewed the proposed settlement agreement and the supporting materials, the court finds approval of the FLSA settlement is appropriate, as it "reflects a reasonable compromise over contested issues." (*Ramirez v. Greenside Corp.*, No. 16 Civ. 726 (HBP), 2017 WL 880878, at *2 (S.D.N.Y. Mar. 3, 2017) (internal quotations omitted) (quoting *Agudelo v. E & D LLC*, 12 Civ. 960 (HB), 2013 WL 1401887, at *1 (S.D.N.Y. Apr. 4, 2013)).

**LEGAL STANDARD**

Employers who violate the overtime wages requirements of the Fair Labor Standards Act ("FLSA") are required to compensate employees for their "unpaid overtime compensation and 'an additional equal amount as liquidated damages.'" *Elliott v. Allstate Investigations, Inc.*, 2008 WL 728648, at *1 (S.D.N.Y. Mar. 19, 2008) (quoting 29 U.S.C. § 216(b)). The Supreme Court's discussion and holding in *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946), however, "suggested . . . that employees may waive FLSA claims pursuant to judicially-supervised settlements." *Id.* The reviewing court must find that the terms of the proposed FLSA settlement, including projected attorneys' fees, are "fair and reasonable." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (internal quotations omitted) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Judicial scrutiny "is meant to protect employees from inequality in bargaining powers." *Elliott*, 2008 WL 728648, at *2.

Assessment of a proposed FLSA settlement "is an information intensive undertaking." *Lopez*, 95 F. Supp. 3d at 176. Courts evaluating the fairness and reasonableness of a proposed FLSA settlement consider the totality of circumstances, including such specific factors as:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y July 23, 2010)). Courts also consider whether circumstances exist that weigh against approval of a proposed settlement, including:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id.* at 336 (internal quotations omitted) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). Parties seeking approval of a proposed FLSA settlement must thus provide the court, at a minimum, information about the plaintiff's claims and maximum possible recovery, the legitimacy of the litigation and negotiation process, the prospects of plaintiff's success on the merits, the employer's potential exposure, and evidence corroborating any requested fee award. *Lopez*, 95 F. Supp. 3d at 176.

## DISCUSSION

The parties' submission provides the court with sufficient information to determine the *bona fides* of the proposed settlement.

**I.  Plaintiff's Claims and Possible Recovery**

First, the parties have informed the court as to the nature of plaintiff's claims and provided a substantiated account of the range of his maximum possible recovery. ECF No. 30, Ex. 2. The parties support these conclusions by

providing the details necessary to make such estimations, including the number of hours plaintiff worked per week for the liability period, any additional overtime hours, the corresponding hourly pay, and, importantly, separate computations of liquidated damages. ECF No. 30, Ex. 1. The parties provide this information for recovery figures under both the NYLL and FLSA. ECF No. 30, Ex. 1. This information corroborates the parties' conclusion that the total settlement amount exceeds plaintiff's possible recovery under the FLSA by $7,000 and shows that, even after attorneys' fees, the plaintiff will receive a substantial portion of the wages he alleges he is owed.

## II. Possibility of Success on the Merits

These calculations must also be viewed in the context of the serious litigation risks outlined in the parties' submission to the court. The parties reference two significant risks that plaintiff would face should the case proceed to litigation: (1) the possibility that plaintiff was not an "employee" for purposes of federal and state overtime laws, and (2) the possibility that defendant was not an "employer" for purposes of the FLSA and the NYLL.

The parties first note that plaintiff's status as an employee is a hotly disputed matter. ECF No. 30, at 1. Specifically, defendants contend that plaintiff was properly designated as an independent contractor, to whom the FLSA and the NYLL did not apply. ECF No. 30, at 1; *see also Saleem v. Corp. Transp. Grp.*, 52 F. Supp. 3d 526, 535-45 (S.D.N.Y. 2014) (holding as a matter of law that plaintiffs were independent contractors under the FLSA and NYLL, which cover only "employees," as that term is defined in those statutes). The parties point to

the conflicting deposition testimony of plaintiff and defendant as evidence of this dispute. *See* ECF No. 30, at 1 (contrasting plaintiff's testimony that he was "subject to daily and extensive oversight and control by defendants" with defendant's testimony that plaintiff "worked independently on discrete projects subject to minimal oversight"). Given the fact-intensive nature of the employee–independent contractor inquiry under both statutes, the possibility of defendants' success on this question is very real indeed. And, as this development would categorically preclude plaintiff's recovery for any claimed wages, the risk is quite significant. Secondly, the parties note that in light of evidence showing plaintiff received payments from other, non-party entities during the liability period, plaintiff would also face a significant risk in satisfying "the FLSA's individual liability test." ECF No. 30, at 2 (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)).

### III. Legitimacy of Negotiation

The court is also satisfied that the terms of the proposed settlement are the product of arms-length bargaining and reflect the months of discovery and negotiations that have ensued since the complaint was filed. Specifically, the non-disclosure and release provisions are well within the bounds of both reason and fairness. The non-disclosure provision, for instance, has none of the hallmarks of the overly-broad provisions rejected by courts in this Circuit, such as an all-encompassing non-disparagement clause. *See, e.g., Ramirez v. Greenside Corp.*, 16-civ-729 (HBP), 2017 WL 880878, at *2 (S.D.N.Y. Mar. 3,

2017). Rather, the provision here is limited to an agreement not to publicize the terms of the settlement in news or social media.

The release provision, for its part, relates only to liability for other wage and hour issues, as opposed to the sweeping liability releases routinely rejected by courts in this Circuit. *See, e.g., Flores-Mendieta v. Bitefood Ltd.*, No. 15-cv-4997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have *no relationship whatsoever to wage-and-hour issues.*'" (emphasis added) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). The instant release from liability concerns only wage and hour claims in connection with plaintiff's alleged employment by defendants.

## IV. Evidence Corroborating Award

Finally, the requested attorneys' fees of one-third of the total settlement agreement is the customary award in similar cases in this circuit and is both reasonable and fair in this case. *See, e.g., Ramirez*, 2017 WL 880878, at *9-10; *Asare v. Change Grp. of New York, Inc.*, No. 12 Civ. 3371 (CM), 2013 WL 6144764, at *4 (S.D.N.Y. Nov. 18, 2013); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010); While the fee request does not include "contemporaneous billing records documenting, for each attorney, the date, the hours expended," the parties have submitted details with respect to the nature of the work done. *Flores-Mendieta*, 2016 WL

1626630, at *2; see also ECF No. 30, at 2 n.1. Moreover, the fee arrangement in this case is well below the range flagged by the Second Circuit as presumptively unreasonable without documented evidence of services provided. *Flores-Mendieta*, 2016 WL 1626630, at *2 (noting that "the Second Circuit flagged a settlement provision that 'would set the fee for plaintiff's attorney at between 40 and 43.6 percent of the total settlement payment without adequate documentation to support such a fee award' as not fair and reasonable") (internal quotations omitted) (quoting *Cheeks*, 796 F.3d at 206). Thus, the court concludes the fee application is fair, reasonable, and appropriate as part of the FLSA settlement.

## CONCLUSION

For the reasons provided above, the court approves of the proposed FLSA settlement as both reasonable and fair. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of Court is respectfully directed to mark this matter closed.

SO ORDERED.

Dated: New York, New York
October 2, 2017

Thomas P. Griesa
U.S. District Judge